UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

CRIMINAL ACTION NO. 04-193-KSF

UNITED STATES OF AMERICA                                             PLAINTIFF

V.                          **OPINION & ORDER**

ALBERT GANIER, III                                                   DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the defendant's proposed jury instructions and defendant's objections to the government's proposed jury instructions [DE #91]. These matters are ripe for review.

The parties disagree on the proposed jury instructions regarding the elements of 18 U.S.C. §§1503 and 1519. The Court will, therefore, analyze the elements that need to be included in the jury instructions for each of these statutes and subsequently determine the appropriate jury instruction. The Court's jury instructions are subject to change if any additional authority is issued before the trial on this matter commences.

I.   **SECTION 1503(a)**

In the instant case, Count I of the Superseding Indictment charges Defendant, Albert Ganier, III ("Ganier") with a violation of Title 18, United States Code, Section 1503(a). Ganier argues that the Government's proposed jury instruction omits necessary elements of 18 U.S.C. §1503. On the other hand, the Government claims that Ganier's proposed instruction is redundant and slanted in defendant's favor.

A.  **Effect of *Arthur Andersen, LLP v. United States***

In the recent case of *Arthur Andersen, LLP v. United States*,--- S.Ct —, 2005 WL 1262915 (May 31, 2005), the United States Supreme Court addressed the validity of jury instructions in an obstruction of justice case. The Supreme Court held that the jury instructions accepted by the district court failed to convey properly the elements of a "corrup[t] persuas[ion]" conviction under 18 U.S.C. §1512(b). Essentially, the Supreme Court maintained that a conviction based on a defendant's "knowingly . . . corruptly persuad[ing] another person" to withhold testimony or destroy records to be used in an official proceeding requires proof of consciousness of wrongdoing; and the term "knowingly" modifies "corruptly persuades" and thus imposes the *mens rea* requirement.

Section 1512(b)(2)(A) and (B), the statute under which the defendant had been convicted in *Arthur Andersen*, provides in relevant part:

> Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . cause or induce any person to . . . withhold testimony, or withhold a record, document, or other object, from an official proceeding [or] alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding . . . shall be fined under this title or imprisoned not more than ten year, or both [1]

The Supreme Court focused its discussion on what it means to "knowingly . . . corruptly persuad[e]". The Supreme Court noted that the jury had been told that "even if [petitioner] honestly and sincerely believed that its conduct was lawful, you may find [petitioner] guilty." *Id.*

---

[1] *Arthur Andersen* refers to the 2000 version of the statute, which has since been amended by Congress.

2

at *6. The Supreme Court disagreed with this instruction and found that criminality should be limited to "persuaders conscious of their wrongdoing". *Id.* at *5. After finding that "knowledge" is normally associated with awareness, understanding or consciousness, the Supreme Court stated that the inclusion of the term "knowingly" allows §1512(b) to "reach only those with the level of 'culpability . . . we usually require in order to impose criminal liability.'" *Id.* at *5 (citing *United States v. Aguilar*, 515 U.S. 593, 602, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995); *Liparota v. United States*, 471 U.S. 419, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985))

Moreover, the Supreme Court found that the jury instructions were improper because they did not require the jury to find any nexus between the persuasion to destroy documents and any particular proceeding. *Id.* at *6. Instead, the Supreme Court held that a defendant will be a "knowingly . . . corrup[t] persuade[r]" only when he persuades others to shred documents under a retention policy when he had in contemplation a particular official proceeding in which those documents might be material. *Id.* at *6.

*Arthur Andersen* recognized that the Supreme Court had previously faced a similar analysis in *United States v. Aguilar*, 515 U.S. 593 (1995). In *Aguilar*, the defendant was convicted of "corruptly endeavor[ing] to influence, obstruct, and impede [a] . . . grand jury investigation" under § 1503. In *Aguilar*, the Supreme Court held that §1503 required a "nexus" between the obstructive act and the proceeding. *Id.* at 599-600 ("[I]f the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct."). In *Arthur Andersen*, the Supreme Court extended the nexus requirement to §1512.

3

In the instant case, Ganier has been indicted pursuant to 18 U.S.C. §1503(a). Although the holding in *Arthur Andersen* provides some guidance for the instant case, as the Supreme Court has recognized, since §1503 does not contain the modifier "knowingly", any analogy between §1503 and §1512 would be "inexact". *Id.* at *5, n.9. Section 1503 provides, in pertinent part:

> Whoever ... corruptly ... influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided [by law]

Despite the differences in §1503 and §1512, the Supreme Court's discussion of the term "corruptly" in *Arthur Andersen* is applicable in the instant case. In *Arthur Andersen*, the Supreme Court stated that the district court had based its instruction on the Fifth Circuit Pattern Jury Instruction for § 1503. The pattern instruction defined "corruptly" as "knowingly and dishonestly, with the specific intent to subvert or undermine the integrity" of the proceeding. *Arthur Andersen, supra,* at *6. However, the district court, over petitioner's objections, excluded the term "dishonestly" and added the term "impede" to the phrase "subvert or undermine". The Supreme Court found these changes to be "significant" because they allowed for the jury to find a violation of the statute even if the person innocently persuaded another to withhold information from the government. *Id.* at *6 ("No longer was any type of 'dishonest[y]' necessary to a finding of guilt, and it was enough for petitioner to have simply 'impede[d]' the Government's factfinding ability."). Thus, the Supreme Court's holding implies that in order for a person to act corruptly, they must be acting dishonestly.[2]

---

[2] The Supreme Court's discussion regarding the definition of "corruptly" touches on the split between the Third and D.C. Circuits and the Second and Eleventh Circuits. The Third and D.C. Circuits have required more than just an "improper purpose" in order to find a defendant
(continued...)

4

## B. Jury Instruction for Section 1503

Considering the Supreme Court's holding in *Arthur Andersen*, the following instruction, based on the Fifth Circuit[3] Pattern Jury Instruction for § 1503, strikes a balance between the parties' proposed instructions:

> **ELEMENTS - Section 1503(a)**
>
> There are three elements to the violation of Title 18, United States Code, Section 1503(a) with which defendant is charged. In order to find defendant guilty of this charge, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> (1) that there was a proceeding pending before a grand jury;

---

[2](...continued)
acted corruptly. *See, e.g., United States v. Davis*, 183 F.3d 231 (3d Cir. 1999) (finding that "corrupt persuasion" under § 1512 involves more than an improper purpose, and includes something more, such as inducements to violence), *United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991), *cert. denied*, 506 U.S. 1021 (1992). Appellee argued that the Third and D.C. Circuits' interpretation of "corruptly" guarantees that a defendant would not be convicted under § 1512 without a "depraved", "evil" or "wicked" state of mind.

On the other hand, the Second and Eleventh Circuits have held that an "improper purpose" is sufficient under § 1512. *See, e.g., United States v. Shorts*, 145 F.3d 1289 (11th Cir. 1998), *cert. denied*, 525 U.S. 1177 (1999); *United States v. Thompson*, 76 F.3d 442 (2d Cir. 1996).

The Supreme Court does not resolve this split in the circuits, although it does imply that there must be some "type of dishonesty" necessary to a finding of guilt of corruptly persuading. *Id.* at *6. Additionally, it acknowledges that "corrupt" and "corruptly" are normally associated with "wrongful, immoral, depraved, or evil." *Id.* at *5. As an aside, the Eleventh Circuit, which has held that "improper purpose" is sufficient to define "corruptly", also states in its Pattern Jury Instructions, that "corruptly means to act *knowingly and dishonestly* with the specific intent to influence, obstruct, or impede the due administration of justice." *See* http://www.ca11.uscourts.gov/documents/jury/crimjury.pdf (emphasis added).

[3] The Sixth Circuit Pattern Instructions do not address this offense.

Case 3:04-cr-00193 Document 139 Filed 06/30/05 Page 5 of 12 PageID #: 5

(2) that the defendant knew of the pending judicial proceeding and influenced, obstructed, or impeded the due administration of justice; and

(3) that the defendant's act was done "corruptly," that is, that the defendant acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.

It is not necessary to show that the defendant was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner which he knew was likely to influence, obstruct or impede the due administration of justice as to the natural and probable effect of defendant's actions.

## II. SECTION 1519

The parties also dispute the elements that should be included in the jury instruction for 18 U.S.C. §1519. Section 1519 was enacted as part of the Sarbanes-Oxley Act of 2002. Section 1519 covers actions that are much broader than those covered in the other obstruction of justice statutes. Although there has been much speculation that §1519 will be the statute under which prosecutors opt to charge alleged document destroyers, there is currently little caselaw discussing §1519.

### A. Nexus Requirement

The parties dispute whether a nexus requirement should be read into §1519. The government's jury instructions on the elements of §1519 do not include a "nexus" requirement. Not surprisingly, Ganier argues that jury instructions regarding the elements of §1519 should include a nexus requirement.

#### 1. Interpretation of Section 1519 Without A Nexus Requirement

Although there are no published cases addressing whether §1519 should include a nexus requirement, at least one commentator has rejected importing the nexus requirement into §1519

and interpreted the statute to allow courts to impose criminal liability where an actor intentionally destroys documents with only a general contemplation of an obstructed proceeding. *See* Dana E. Hill, *Anticipatory Obstruction of Justice: Pre-Emptive Document Destruction Under the Sarbanes-Oxley Anti-Shredding Statute, 18 U.S.C. §1519*, 89 Cornell L. Rev. 1519 (2004). Under such a reading of this section, the government could show that a defendant intended to obstruct justice even if he acted without knowledge of the specific proceeding he would obstruct at the time of the act. *Id.* at 1565.

The language of §1519 essentially seeks to prohibit an actor from intentionally destroying documents, while contemplating a possible investigation. The inquiry under this broad reading of §1519 would be whether a defendant intentionally destroyed documents while "contemplating" an investigation. *Id.* at 1562. This reading of the statute broadens the obstruction statutes so that the timing of the obstructive act in relation to the beginning of a matter or investigation is not a bar to prosecution. *Id.* at 1560.

### 2. Should a Nexus Requirement Be Imported into Section 1519?

As stated above, the "nexus" requirement for obstruction of justice cases was first discussed by the Supreme Court in *Aguilar*. *Aguilar* held that there must be some type of nexus between an obstructive act and a particular proceeding in order to sustain a conviction under 18 U.S.C. §1503. This nexus requirement is satisfied when the defendant's conduct has some "relationship in time, causation, or logic" to a judicial proceeding so that it may be said to have the "natural and probable effect" of interfering with that proceeding. In *Aguilar*, the Court recognized that a "fair warning should be given to the world in language that the common world will understand, or what the law intends to do if a certain line is passed." *Aguilar*, 515 U.S. at

7

600 (citing *McBoyle v. United States*, 283 U.S. 25, 27, 51 S.Ct. 340, 341, 75 L.Ed. 816 (1931)).

In the dissent, Justice Scalia points out that the majority does not indicate where the nexus requirement is to be found in the words of the statute. *Id.* at 612. Instead of relying on the words of the statute to find the nexus, the majority cited to several circuit court cases, including *United States v. Wood*, 6 F.3d 692 (10th Cir. 1993). *Wood* states:

> [A]lthough the defendant need not succeed in his attempt to obstruct justice, his conduct must be such "that its natural and probable effect would be the interference with the due administration of justice." *United States v. Thomas*, 916 F.2d 647, 651 (11th Cir. 1990). The government argues vigorously against adoption of the "natural and probable effect" requirement of *Thomas*. This element is necessary, however, because particular acts, "although arguably interfering with some aspect of the administration of justice, may be beyond the scope of § 1503 because the nexus to the progress of a judicial proceeding is too attenuated and the statutory construction therefore too strained."

*Id.* at 696 (citing *United States v. Walasek*, 527 F.2d 676, 679 (3d Cir. 1975)). In *Arthur Andersen*, the Supreme Court extended the nexus requirement to 18 U.S.C. §1512, thus, reiterating the importance of the nexus requirement in obstruction cases. The Supreme Court's extension of the nexus requirement to §1512 is not surprising since the language in §1512 closely tracks the language in §1503.

However, the language in §1519 is much broader than the language in §1503 and §1512. This section states:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of United States of any case filed under title 11, or in relation to or contemplation of any matter or case, shall be fined under this title, imprisoned not more than 20 year, or both.

8

Although no courts have weighed in on this matter, there have been two reasons given for why §1519 should not include a nexus requirement. First, one commentator has argued that §1519 should be viewed differently than §§1503 and 1512 because §§1503 and 1512 do not include any statutory language specifying the intent required to commit obstruction of justice. *See* Jonathan D. Polkes, *Obstruction of Justice Nexus Requirement Unclear in New Statutes*, 230 New York Law Journal 7 (July 7, 2003). Since this lack of intent may have given the Supreme Court the ability to interpret §§1503 and 1512 and import the nexus requirement, courts should not import the nexus requirement to §1519. *Id.* Section 1519 includes specific language of intent (the "intent to impede, obstruct or influence"), thus, the nexus requirement might not be applicable. *Id.*

Second, §1519 prohibits the destruction of documents "in relation to or contemplation of . . . any matter within the jurisdiction of any department or agency of the United States . . ." The broad language drafted by Congress appears to evince Congress's intention to make the nexus requirement inapplicable. *Id.* Legislative history confirms that Congress intended that a broad scope of actions be covered under §1519. Senator Patrick Leahy, then-Chairman of the Committee on the Judiciary, drafted the obstruction of justice provisions of the Sarbanes-Oxley bill. Senator Leahy described §1519 as follows:

> [T]his section would create a new 20-year felony which could be effectively used in a wide array of cases where a person destroys or creates evidence with the intent to obstruct an investigation or matter that is, as a factual matter, within the jurisdiction of any federal agency or any bankruptcy. It also covers acts either in contemplation of or in relation to such matters . . . [T]he intent required is the intent to obstruct, not some level of knowledge about the agency processes of [sic] the precise nature of the agency of [sic] court's jurisdiction. This statute is specifically meant not to include any technical requirement . . . to tie the obstructive

9

> conduct to a pending or imminent proceeding or matter by intent or
> otherwise.

148 Cong. Rec. S7, 418-19 (daily ed. July 26, 2002 (statement of Sen. Leahy), *cited in* Hill, *supra*, at 1559-60. Senator Leahy has also specifically stated that §1519 was drafted in order to avoid the requirement that a defendant know about the proceedings against him:

> [Section] 1519 requires only proof of the defendant's intent to
> obstruct, impede, or influence and not any link to the defendant's
> knowledge about the nature of the government's jurisdiction. . . .
> The reason for this is simple: establishing this level of intent has
> caused serious problems for prosecutors and confusion for juries in
> the past and does not make sense from a policy perspective when
> there is an act of evidence tampering.

*See* Hill, *supra*, at 1564. Thus, it appears that Congress intended to remove the nexus requirement from §1519. Despite Congress's intent, courts need to determine whether or not the nexus requirement should be adopted for §1519.

Even though arguments have been made as to why a nexus requirement should not be imported into §1519, the Court finds that there are more compelling reasons as to why it should be imported. At least one commentator has concluded that Congress went too far in drafting the language of §1519. "In light of the Supreme Court's fairness concerns [expressed in *Aguilar*], Congress may have reached too far in attempting to prevent document destruction. Indeed, the 'in relation to or contemplation of' language is undefined and unspecific; thus, without a nexus requirement, defendants may lack fair warning of the scope of §1519. *See* Polkes, *supra* (concluding that "[i]n short, although Congress has arguably attempted to reject the nexus requirement in the document destruction context, it may also have violated some of the fairness concerns alluded to in *Aguilar*") *Aguilar* makes it clear that "a fair warning should be given" as to what the law intends to do if a certain line is crossed. The nexus requirement guarantees that

10

conduct is punishable where the defendant acts with an intent to obstruct a particular investigation and in a manner that is likely to obstruct that particular investigation.

Moreover, *Arthur Andersen's* recent application of the nexus requirement to §1512 provides some evidence that the nexus requirement should also be extended to §1519. Even though Congress may have drafted §1519 to not include the nexus requirement, the statutory construction would be "too strained" with such an attenuated connection between an obstructive act and an official investigation without the nexus requirement. As was recognized in *Arthur Andersen*, it is one thing to say that an investigation "need not be pending or about to be instituted at the time of the offense" and quite another to say an investigation need not even be foreseen. *Id.* at *6.

The effect of reading the nexus requirement into §1519 would be to satisfy the fairness concerns stated in *Aguilar*. Including the nexus requirement would guarantee that a defendant's conduct would have some "relationship in time, causation, or logic" to an investigation or matter conducted by an agency of the United States so that it may be said to have the "natural and probable effect" of interfering with that investigation or proceeding. The nexus requirement provides assurance that a defendant actually foresees a particular investigation while committing an obstructive act.

**B.     Jury Instruction for Section 1519**

Thus, the Court will adopt the following jury instruction regarding the elements of Section 1519:

**Elements of Section 1519**

There are three elements to the violation of Title 18, United States Code, Section 1519 with which defendant is charged. In order to

11

find defendant guilty of this charge, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1) that the defendant altered, destroyed, concealed or covered up a record, document, or tangible object;

2) that the defendant acted knowingly with the intent to impede, obstruct or influence an investigation or in relation to or contemplation of any such matter or case; and

3) which investigation was within the jurisdiction of a department or agency of the United States.

It is not necessary to show that the defendant was successful in achieving the forbidden objective, only that the defendant knowingly tried to achieve it in a manner which he knew would likely have the natural and probable effect of impeding, obstructing or influencing an investigation that is within the jurisdiction of a department or agency of the United States.

## III. CONCLUSION

For the foregoing reasons, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that the defendant's objections to the government's proposed jury instructions [DE #91] are GRANTED to the extent provided for in this opinion and order and the Court will adopt the jury instructions for the elements of 18 U.S.C. §§1503 and 1519 as stated above.

This ___ day of June, 2005

_____
KARL S. FORESTER, SENIOR JUDGE