UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
<u>NASHVILLE</u>

CRIMINAL ACTION NO. 04-193-KSF

UNITED STATES OF AMERICA              PLAINTIFF

V.              **OPINION & ORDER**

ALBERT GANIER, III              DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the government's motion for supplementation of court's order regarding defendant's motions *in limine* [DE #141].

I.     **THE PARTIES' ARGUMENTS**

In the government's motion, it asks the Court to specifically address the issue of whether post-December 19, 2002, evidence is admissible and rule that "evidence of events post-dating December 19, 2002, is not generally inadmissible." In its order ruling on the defendant's motions *in limine*, the Court ruled on this issue as it related to three items of evidence. As to the general proposition that any post-December 19 evidence is admissible or not admissible, the Court did not render a general ruling. The government now asks the Court to do so. The government states that it intends to offer post-December 19 evidence that reveals the true nature of the ARC Grant project – that it was a dubious project from the start and that the stated justification for ENA's receipt of ARC Grant monies was essentially a sham. While this evidence was not revealed until after December 19, the government argues that it is probative of the defendant's motive to cover up facts regarding the ARC Grant's origins and intent to obstruct.

The defendant responds that this evidence is only admissible if it is part of the "res gestae" of the case (an impossibility here), or if it provides evidence of the defendant's motive to obstruct. As to motive, no post-December 19 event could have motivated the defendant to delete documents before he knew about events that had not yet occurred. Thus, it is a logical impossibility for this evidence to be probative of motive. Further, if the government is permitted to offer this proof, the defendant plans to "thoroughly rebut" it with his own proof, requiring a lengthy and confusing digression at trial.

## II.  DISCUSSION

The government's request for a general ruling that unspecified post-December 19th evidence "is inadmissible" or is "not generally inadmissible" puts the Court in the difficult position of having to rule on the admissibility of evidence that has yet to be presented to it. Without knowing more about the evidence, other than the fact that it is post-December 19th evidence, the Court is unable to render a final ruling on its admissibility. However, the Court is generally unreceptive to the argument that post-December 19th evidence is relevant to the defendant's knowledge and/or motive with respect to actions that he allegedly took on or before December 19, 2002.

As to the specific post-December 19th evidence the government intends to introduce regarding the ARC Grant project, the Court questions its relevancy to the defendant's motive or intent to obstruct. Assuming, however, that it is probative of the defendant's motive or intent, the Court finds that the introduction of such evidence would result in a confusing digression at trial. This is particularly true in light of the fact that there has been no substantive charge brought regarding the award of the ARC Grant project or the award of funds to ENA in

Case 3:04-cr-00193   Document 153   Filed 07/20/05   Page 2 of 3 PageID #: 177

connection therewith.  The Court does not wish the trial to devolve into a mini-trial concerned with determining the particular facts of the ARC Grant project.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that the government's motion for supplementation of court's order regarding defendant's motions *in limine* [DE #141] is DENIED.

This 20/ day of July, 2005.

KARL S. FORESTER, SENIOR JUDGE