UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
<u>NASHVILLE</u>

CRIMINAL ACTION NO. 04-193-KSF

UNITED STATES OF AMERICA                                                        PLAINTIFF

V.                          **<u>OPINION & ORDER</u>**

ALBERT GANIER, III                                                              DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the government's motion for leave to file under seal motion for clarification [DE #154], the government's motion for leave to file under seal memorandum in support of motion for clarification [DE #156], the defendant's motion for leave to file under seal opposition to government's motion for clarification [DE #160], the government's motion for leave to file under seal reply brief in support of motion for clarification [DE #162], and the government's motion for clarification regarding admissibility of certain emails [DE #155]. These matters are ripe for review.

The government seeks an order clarifying that fifteen (15) emails between defendant Albert Ganier, III and Jackie Shrago are presumptively admissible. During the pretrial conference held on July 18, 20005, the Court indicated that evidence relating solely to Ganier's alleged romantic relationship with Shrago was inadmissible, but that other evidence regarding Shrago may be admissible. The emails at issue show what appears to be both a business relationship and a romantic relationship between Ganier and Shrago. The government contends that these emails would have been deleted pursuant to Ganier's proposed interim email retention

policy. According to the government, the emails are evidence of a close and possibly romantic relationship between Shrago, who was the ConnecTen RFP Coordinator, bid evaluator and Project Director, and Ganier, ENA's CEO and Chairman; thus, the emails are probative of whether Ganier's endeavor to have those emails deleted would have interfered with an investigation focused on whether such a relationship improperly affected the ConnecTen contracting process.

Ganier argues that application of this Court's statement at the pretrial conference would preclude introduction of the particular emails that relate solely to the romantic relationship. Ganier also asserts that the remainder of these emails proffered by the government should be excluded because they are not probative of Ganier's motive to delete nor would their deletion have impeded the government's investigation.

In an order dated April 21, 2005, Judge Higgins ruled all these emails were provisionally admissible to show Ganier's intent and motive to implement the proposed interim retention policy. [DE #116]. This Court agrees with the sound approach taken by Judge Higgins. Judge Higgins found, "The intent to impede an investigation is an element of the crimes with which the defendant is charged, and a review of this evidence proposed by the government indicates that this evidence makes that intent appear more probable than it would without such evidence." Order, p. 2. Thus, Judge Higgins concluded that the evidence meets the threshold test for relevance. However, the court retained the discretion to exclude at trial any evidence that may be confusing, misleading or a needless waste of time pursuant to Rule 403 of the Federal Rules of Evidence.

This Court will adopt the rationale employed by Judge Higgins. These particular emails

are relevant to Ganier's motive and intent to impede an investigation focused on whether any relationships improperly affected the ConnecTen contracting process. Accordingly, the Court finds that the emails are admissible, however, the Court will retain the discretion to exclude the evidence at trial if it finds that the emails do not comply with Fed. R. Evid. 403, or any other Rule of Evidence.

For the foregoing reasons, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

[1] the plaintiff's motion for leave to file under seal motion for clarification [DE #154] is GRANTED;

[2] the plaintiff's motion for leave to file under seal memorandum in support of motion for clarification [DE #156] is GRANTED;

[3] the defendant's motion for leave to file under seal opposition to government motion for clarification [DE #160] is GRANTED;

[4] the plaintiff's motion for leave to file under seal reply brief in support of motion for clarification [DE #162]; and

[5] the plaintiff's motion for clarification regarding admissibility of emails [DE #155] is GRANTED to the extent outlined herein.

This 25th day of July, 2005

_____
KARL S. FORESTER, SENIOR JUDGE

3