UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION
CASE NO. 3:04CR-193-R

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.

ALBERT GANIER, III                                                                        DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Exclude Evidence Relating to Certain Computer Searches or, in the Alternative, to Require a Factual Showing Pursuant to Federal Rule of Evidence 104(b) (Docket #181). Plaintiff filed a response (Docket #184). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED at this time.

**BACKGROUND**

The Government seeks to introduce evidence that certain searches were performed on a computer assigned to Defendant's secretary. The Government argues that this evidence is relevant to show that Defendant's subsequent deletion of sixteen documents was purposeful. The computer registry that keeps track of these searches only does so in a limited fashion. The registry records each search term as it is utilized as well as the date and time of utilization, but it only maintains the record of the date and time of utilization until a new search is run. As a new search is run, the date and time data for the immediately previous search is displaced from the registry, and replaced by the date and time of the most recent search.

Defendant asserts that the password to the computer assigned to his secretary was unknown to him prior to the afternoon of December 15, 2002, and that his secretary changed her password to

one unknown to him on December 16, 2002.

The searches subject to this motion fall within one of two categories: (1) searches for files with names containing certain terms ("file name searches"); and (2) searches for files containing certain terms within the text ("text searches").

The following searches were conducted for file names containing the following terms in the sequence, listed from the most recent search to the least recent:[1]

> Tabs for briefing book; Privatization Strategist; excel.exe; perry committment; Tennessee Online Emergency Alert System; ARC; Microsoft Binder; Polk County, Nschool; *.pst; Breckinridge; Alex Fischer; TEMA; Alex Fisher; Charlie Crist; Jeff Roberts; Commissioner Jeff Roberts; Texas 2000 Agreement; Vision Mission Goals; ENA 2001 Vision Mission Goals.

The computer evidence indicates the time of only the most recent search, which was run at 12:41 p.m. on December 18, 2002. The parties agree that the most recent search was not conducted by Defendant, and, therefore, is not relevant. The remaining file name searches could have occurred anytime between August 21, 2001, and December 18, 2001, at 12:41 p.m.

The following searches were conducted for files with text containing the following terms, listed from the most recent search to the least recent:[2]

> stamps; Fisher; McConnell; McConnel; Polk County Florida Nschool; Nschool; Florida Nschool; Florida; Polk County Florida; Alex Fischer; Tennessee Online Emergency Alert System; TEMA.

---

[1] These file name searches would locate files whose names contained all or any portion of the search term, without regard to case. File name searches do not examine the content of the file or document but only look at the name of the file itself and selects those files that contain all or a portion of the words contained in the search terms.

[2] These searches would have located files that contained the entire phrase of the search term within the text of the document or file, again irrespective of case. Unlike file name searches, text searches do not examine the name of the file but instead locate documents that contain in their text the search term.

2

The computer evidence indicates the time of only the most recent of these searches, which was conducted at 3:11 p.m. on December 15, 2002. Defendant does not contest the relevance of the most recent search, inasmuch as that search was conducted at a time when it could be inferred that Defendant ran the search. The remaining text searches could have occurred anytime between August 21, 2001, and December 15, 2002, at 3:11 p.m.

## ANALYSIS

Defendant argues that there is no evidence that permits a fair inference as to when the file name and text searches were conducted prior to the most recent. Defendant asserts that the relevance of this search evidence is necessarily conditioned on establishing that the Defendant conducted these searches during the time he was aware of the Government's investigation and, therefore, the Government should be required to first introduce evidence sufficient to support such a finding before introducing any evidence relating to these searches.

Federal Rule of Evidence 104(b) addresses the question of conditional relevancy. By its terms, the rule involves a situation in which "the relevancy of evidence depends upon the fulfillment of a condition of fact." Fed. R. Evid. 104(b). "Rule 104(b) does not require that a judge believe a fact upon which the relevancy of evidence depends to be true. Rather, the rule requires that there must be evidence 'sufficient to support a finding of the fulfillment of the condition.'" *United States v. Maddox*, 944 F.2d 1223, 1230 (6th Cir. 1991) (quoting Fed. R. Evid. 104(b)).

The Government argues that there is more than sufficient evidence to support a finding that Defendant conducted the searches at issue after learning of the investigation. Specifically the Government cites the following facts: Defendant's secretary has no recollection of ever providing her password to anyone besides Defendant; Defendant's secretary has no recollection of using any

3

of the search terms at issue; with respect to many of the search terms at issue, Defendant's secretary believes it very unlikely that she ran them; and with respect to the other search terms at issue, Defendant's secretary is far from certain that she ran them and in many cases believes it not particularly likely that she ran them. The Government states that these facts are sufficient to support a finding that the searches were conducted not by Defendant's secretary, but rather by the only other person who had her password - Defendant, who obtained her password on December 15, 2002.[3]

The Government also proffers evidence that searches conducted in an examination of Defendant's secretary's computer indicate that each of the documents deleted from that computer on December 15, 2002, would have been hit on by at least one of the search terms at issue. The Government argues that these facts establish a compelling relationship between the search terms at issue and the files that were deleted on December 15, 2002.

The parties dispute the relationship between certain of the search terms at issue and the investigation that Defendant is charged with obstructing. At this time the Court is not in a position to determine the relevance of these terms to the investigation.

The Court finds that the pretrial exclusion of this conditionally-relevant evidence is not warranted. At this time it is not possible to know whether the evidence presented will be sufficient to support a finding that Defendant conducted the searches after learning of the federal investigation. Such a foundation must be laid before the Court would find the evidence admissible.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion is DENIED at this time.

---

[3] The Government proffers that it has ample evidence to support a finding that Defendant learned of the investigation prior to December 15, 2002.

4

An appropriate order shall issue.